UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| John J. Vailette,<br>    *Petitioner*,<br><br>    v.<br><br>United States of America,<br>    *Respondent.* | Civil No. 3:09cv1477 (JBA)<br><br><br><br>September 20, 2012 |

RULING ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

On February 16, 2010, Petitioner John J. Vailette, through counsel, filed an Amended Petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 120–month sentence following a guilty plea for violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). Vailette argues that his confinement is illegal because (1) his court–appointed counsel failed to subpoena telephone records of the Government's confidential informant prior to Vailette's guilty plea and if those records had been subpoenaed, he would not have entered a guilty plea; (2) his guilty plea was not "knowing, intelligent and voluntary" because his medications created a "euphoric state" that interfered with his decision–making at the time he pled guilty; (3) he entered his guilty plea under duress because it followed a meeting with Assistant United States Attorney Chang in which he was pressured to make a rapid decision, felt threatened, and as a result made a hasty and uninformed decision; (4) his court–appointed counsel was constitutionally ineffective by erroneously advising him that he would lose his three–point reduction in base offense level for acceptance of responsibility if he appealed the sentence enhancements imposed by the Court under 21 U.S.C. § 851; and (5) his mandatory minimum sentence was improperly enhanced under 21 U.S.C. § 851 on the basis of prior convictions and his court–appointed counsel was constitutionally ineffective by failing to

object to and challenge the Government's notice filed under § 851. For the reasons that follow, Mr. Vailette's petition will be granted in part.

I.     Background

On March 20, 2008, Petitioner pled guilty before Magistrate Judge Fitzsimmons to Count Four of a Superseding Indictment charging him with distributing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). (*See* Plea Agreement, Case No. 3:07cr138 [Doc. # 52] at 1.) The parties stipulated in the plea agreement that pursuant to U.S.S.G. §§ 2D1.1(a)(3) & (c)(6), Petitioner's base offense level was 28, which would be reduced to 25 subject to Petitioner's acceptance of responsibility. (*Id.* at 5.) The parties also agreed that Petitioner was in criminal history category VI and that pursuant to U.S.S.G. § 5G1.1(c)(2), the advisory Sentencing Guidelines applicable to him called for a term of imprisonment of 120–137 months. (*Id.*) The Government further agreed that it would not oppose Petitioner's request for 120–month sentence. (*Id.* at 5.) Petitioner waived his right to appeal or collaterally attack a sentence in the range of 120–137 months. (*Id.* at 6.) Judge Fitzsimmons accepted Petitioner's guilty plea, and on March 26, 2008, the undersigned approved and adopted the guilty plea as valid. On August 14, 2008, the Court sentenced Petitioner to 120 months' imprisonment, and entered judgment on August 15, 2008. Petitioner did not appeal his sentence, which became final fourteen days later.

II.    Discussion

To obtain collateral relief under 28 U.S.C. § 2255, Petitioner must show that his sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. "As a general rule, relief is available under § 2255 only for constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a

fundamental defect which inherently results in a complete miscarriage of justice." *Napoli v. United States*, 32 F.3d 31, 35 (2d Cir. 1994) (internal quotation marks and citations omitted).

A claim of ineffective assistance of counsel challenging a guilty plea is assessed under the two–pronged standard first articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), and as further construed by *Hill v. Lockart*, 474 U.S. 53 (1985). *See Hill*, 474 U.S. at 58 ("We hold therefore that the two–part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."). The first prong considers whether counsel's performance was objectively unreasonable "under prevailing professional norms." *Strickland*, 466 U.S. at 688. To satisfy this element, an error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *id.* at 687, and counsel's performance must have been "outside the wide range of professionally competent assistance," *id.* at 690. Second, the petitioner must affirmatively prove prejudice by showing that counsel's errors were so serious that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694.

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. "[T]he failure to make a meritless argument does not rise to the level of ineffective assistance, and 'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995) (quoting *Strickland*, 466 U.S. at 690.) "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound [] strategy." *Strickland*, 466 U.S. at 689.

### A.     Petitioner's Challenge to His Guilty Plea

Petitioner challenges his guilty plea, arguing that it was not knowing, intelligent, and voluntary because he was on medications that induced a "euphoric state" when he pled guilty, that he was under duress from the Government when he agreed to plead guilty, and that he would not have pled guilty but for his attorney's failure to subpoena telephone records that could have provided "useful and important impeachment material."

#### *1.     Ineffective Assistance of Counsel Claim*

Petitioner claims that his attorney was constitutionally ineffective in failing to subpoena telephone records of the Government's confidential informant prior to his guilty plea, and that had he done so, those records would have established that, contrary to the informant's statements, there were ongoing conversations between them for a substantial period of time and would have provided "useful and important impeachment material." The Government responds that these telephone records would not have had evidentiary value to Petitioner and defense counsel already received telephone records of the informant through discovery.  Petitioner has failed to identify what additional records he might have expected to receive through a subpoena.

In support of his claim, Petitioner states only that these records would have "materially assisted" his defense and that he would not have pled guilty if he had these records.  Other than stating his conclusion that these records would have provided useful impeachment information, he does not show how these records would have assisted his

4

defense or influenced his decision to plead guilty. *See Hill*, 474 U.S. at 370 ("[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.") Petitioner has accordingly failed to meet his burden to show that he was prejudiced by the absence of subpoenaed telephone records and his claim with respect to these records is without merit.

Petitioner requested an evidentiary hearing regarding this claim, but because the Court finds that the record plainly fails to demonstrate that Mr. Vailette is entitled to relief on these grounds, an evidentiary hearing is unnecessary and his petition is denied with respect to this claim. *See United States v. Aiello*, 900 F.2d 528, 534 (2d Cir. 1990) ("Where a petition omits meritorious allegations that can be established by competent evidence, it would go too far to say that it was error for the district court to have failed to conduct a full evidentiary hearing.").

### 2. *Circumstances of the Guilty Plea*

Petitioner claims that his guilty plea was invalid because at the time of the plea his medications were creating a "euphoric state" that interfered with his decision making and that he entered his guilty plea under duress as the result of Chang's pressure on him to make a rapid decision. The Government argues that these claims are procedurally defaulted because Petitioner failed to file a direct appeal.

"Where a criminal defendant has procedurally forfeited his claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can demonstrate either: (1) cause for failing to raise the issue, and prejudice resulting therefrom;

or (2) actual innocence." *Rosario v. United States*, 164 F.3d 729, 732 (2d Cir. 1998). Petitioner does not respond to the Government's procedural default argument and has not made any attempt to show cause for his failure to raise these issues on appeal, or prejudice, or actual innocence. His failure to appeal is therefore fatal to his petition on these two claims.

B.   Petitioner's Challenge to His Sentence

Petitioner claims that his sentence was improperly and illegally enhanced by the Court under 21 U.S.C. § 851 from a mandatory minimum of five years to a mandatory minimum of ten years on the basis of a state court narcotics conviction in which he entered an *Alford* plea, and that his court–appointed trial counsel was constitutionally ineffective by failing to object to and challenge the Government's § 851 notice seeking to enhance his mandatory minimum sentence. In light of its position in *Samas v. United States*, No. 3:10cv422 (JCH), 2011 WL 221866 (D. Conn. Jan. 20, 2011), that a prior state drug conviction resulting from an *Alford* plea that does not specify the drug involved does not qualify as a predicate "serious drug offense" under the second offender enhancement, the Government has conceded that it was error for Petitioner to be subject to a mandatory minimum sentence under § 851. The Government nonetheless argues that the Court should deny Mr. Vailette's petition on this ground as time–barred.

          1.   *The Mandatory Minimum Under 21 U.S.C. § 851*

On May 17, 2004, Petitioner pled guilty to possession of narcotics in violation of Conn. Gen. Stat. § 21a-279(a) in Connecticut Superior Court, Judicial District of New Haven, without recitation on the record of any of the underlying facts of the offense. (*See* May 27, 2004 Tr., Ex. A to Reply, at 2–3.) The resulting conviction on June 16, 2004 served

6

as the basis for the Government seeking at least the mandatory minimum sentence to ten years' imprisonment pursuant to 21 U.S.C. § 851. (Second Offender Information, Case No. 3:07cr138 [Doc. # 49].) Conn. Gen. Stat. § 21a-279(a) makes it illegal to possess "any quantity of any narcotic substance" and provides for a maximum punishment of seven years' imprisonment. Thus, this statute penalizes at least some conduct that falls within the definition of a "controlled substance offense" under U.S.S.G. § 4B1.2(b).

However, as the Second Circuit held in *United States v. Savage*, 542 F.3d 959, 965–65 (2d Cir. 2008), a conviction under a Connecticut statute "cannot categorically qualify as a 'controlled substance offense' within the meaning of Guidelines § 4B1.2(b)" if the statute criminalizes some conduct that falls outside the federal controlled substance statute. *See* 18 U.S.C. §§ 321, 802 The Second Circuit further held that where a criminal defendant pled guilty under the *Alford* doctrine without stipulating to any specific facts regarding the identity of the controlled substance, that underlying conviction cannot qualify as a "controlled substance offense" within the meaning of § 4B1.2(b),[1] unless the Government can confirm the identity of the drug at issue via the charging document or the terms of the plea agreement. *Id.* at 966–67. Prior to Vailette's sentencing, Judge Droney similarly ruled

---

[1] *Savage* addressed the enhancement of the defendant's base offense level under U.S.S.G. § 2K2.1(a)(2), which increases the applicable offense level where a defendant has sustained at least two felony convictions of either a crime of violence or a controlled substance offense. That Guideline section refers to the definition of "controlled substance offense" under the career offender guideline at U.S.S.G. § 4B1.2. Here, Petitioner was subject to an enhanced mandatory minimum under 21 U.S.C. §§ 841(b)(1)(B) and 851, which provide for a higher mandatory minimum where a defendant has been previously convicted of a "felony drug offense." However, in previous cases, the Government has conceded that the holding in *Savage* is applicable to the definition of a "felony drug offense" under these statutes. (*See* Ex. A to Pet'r's Suppl. Brief [Doc. # 17].)

7

that "an *Alford* plea to the crime of possession of unspecified narcotics with the intent to distribute" alone did not provide the necessary predicate for sentencing the defendant under the Armed Career Criminal Act. *United States v. Madera*, 521 F. Supp. 2d 149, 154 (D. Conn. 2007).

Conn. Gen. Stat. § 21a-279(a) criminalizes conduct involving the drugs thenylfentanyl and benzylfenanyl, which are not included among the controlled substances that can serve as the basis for a felony drug offense under 21 U.S.C. § 851. *Samas*, 2011 WL 221866 at *3–4. In entering his *Alford* plea, therefore, Petitioner conceivably could have pled guilty to conduct that did not qualify as a predicate offense under § 851. *See id.* at *4. Categorical reference to Petitioner's conviction under Conn. Gen. Stat. § 21a-279(a) was thus an insufficient basis for his enhancing his mandatory minimum under § 851. *See Savage*, 542 at 966–67; *Samas*, 2011 WL 221866 at *4.

Because there was an insufficient basis for the enhancement of Petitioner's mandatory minimum sentence from five years to ten years under 21 U.S.C. § 851, which the Government concedes, Petitioner is entitled to be resentenced without consideration of any second offender enhancement. Due to what is now legal error in Petitioner's sentencing under current Second Circuit jurisprudence, the Court need not reach the issue of whether his attorney's conduct was constitutionally ineffective in failing to challenge the § 851 notice.

### 2. Timeliness

A petition under 28 U.S.C. § 2255 must generally be filed "within one year from . . . the date on which the judgment of conviction becomes final." *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). "[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." *Id.* A petitioner may,

however, amend a timely § 2255 petition by adding a new claim, if that claim relates back in that it "arose out of the conduct, transaction, or occurrence set out" in the original petition. Fed. R. Civ. P. 15(c)(1)(B); *Mayle v. Felix*, 545 U.S. 644, 656 (2005). Relation back requires "the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle*, 545 U.S. at 659 (internal quotations and citations omitted).

Petitioner challenged his § 851 mandatory minimum enhancement for the first time in his amended petition, filed February 16, 2010, more than a year after his conviction became final on August 29, 2008. He claims, however, that this amendment relates back to the original § 2255 petition, filed *pro se* on August 13, 2009, because it arises out of the same conduct, transaction, or occurrence that serves as the basis of his claim that his attorney was ineffective by misinforming him regarding his appellate rights: "[My attorney] misinformed me by stating if I appeal I would lose my 3 points for acceptance [of] responsibility, which I've learned is false. I can appeal my enhancements alone, which he said I couldn't. . . . I could have appealed just my enhancements with no consequences of losing my acceptance [of] responsibility." (Pet. at 9.) According to Petitioner, this claim, asserted in his original petition, put the Government on notice of claims connected to the enhancement of his mandatory minimum sentence. The Government argues that the original petition did not allege that the prior–felony information was improper, or that Vailette's attorney was ineffective for failing to challenge the § 851 notice, and thus the claims regarding defense counsel's appellate advice do not arise out of the same conduct, transaction or occurrence as his challenge to the second offender information.

Although Vailette's original petition does not explicitly raise his argument with respect to the second offender enhancement, it does, through his claim that his attorney was

9

ineffective by misinforming Vailette regarding the consequences of an appeal of the enhancement of his mandatory minimum sentence, take aim at the Court's application of that enhancement. It is the increased statutory mandatory minimum under 21 U.S.C. § 851 that forms the "common core of operative facts" uniting his original claim regarding his counsel's appellate advice and his amended claim. Vailette's amended petition therefore relates back to his original petition in this regard and is not time–barred.[2]

III.   Conclusion

For the reasons stated above, Petitioner's motion [Doc. # 1] to vacate, set aside, or correct his sentence is GRANTED in part. The Court will resentence Mr. Vailette in accordance with 21 U.S.C. § 2255(b). The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 20th day of September, 2012.

---

[2] As regards Petitioner's claims of ineffective assistance of counsel based on his attorney's appellate advice, counsel clarified at oral argument, that with respect to this claim Petitioner only seeks the restoration of his right to appeal the application of the § 851 second offender enhancement. (*See* August 16, 2012 Mandate, Case No. 07cr138 [Doc. # 80] (denying Defendant's appeal as untimely).) The Court's finding above that Petitioner is entitled to resentencing in light of the misapplication of that enhancement therefore moots this claim as the enhancement he sought to appeal will be corrected by this Court.